1  CHAVEZ & GERTLER LLP
   Mark A. Chavez (Bar No. 90858)
2  42 Miller Avenue
   Mill Valley, California 94941
3  Tel:    (415) 381-5599
   mark@chavezgertler.com
4
   KEMNITZER, BARRON, & KRIEG, LLP
5  Bryan Kemnitzer (Bar No. 66401)
   445 Bush St., 6th Floor
6  San Francisco, CA 94108
   Telephone: (415) 632-1900
7  bryan@kbklegal.com

8  Attorneys for Plaintiff

9

                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

12
   BARRY JEKOWSKY, individually and on          )    Case No:    **CV  13  2158**
13 behalf of all others similarly situated,     )
                                                )
14              Plaintiff.                       )    **CLASS ACTION**
                                                )
15         vs.                                   )    **COMPLAINT FOR VIOLATION OF THE**
                                                )    **MAGNUSON-MOSS WARRANTY ACT,**
16 BMW OF NORTH AMERICA, LLC,                    )    **VIOLATIONS OF UNFAIR**
                                                )    **COMPETITION LAW – BUSINESS &**
17              Defendant.                       )    **PROFESSIONS CODE § 17200, *ET SEQ.*,**
                                                )    **VIOLATIONS OF CONSUMERS LEGAL**
18                                               )    **REDMEDIES ACT, BREACH OF**
                                                )    **EXPRESS WARRANTY, BREACH OF**
19                                               )    **IMPLIED WARRANTY OF**
                                                )    **MERCHANTABILITY, VIOLATION OF**
20                                               )    **THE SONG-BEVERLY CONSUMER**
                                                )    **WARRANTY ACT, FOR DAMAGES AND**
21                                               )    **EQUITABLE RELIEF**
                                                )
22                                               )    **JURY TRIAL DEMANDED**
                                                )
23 _____

24

25

26

27

28

ORIGINAL                          CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    Plaintiff Barry Jekowsky ("Plaintiff"), by his attorneys, on behalf of himself and all others
2  similarly situated, alleges on personal information and upon information and on belief based
3  upon, *inter alia*, the investigation made by and through his attorneys, as follows.

4                                    **INTRODUCTION**

5    1.    This is a class action brought by Barry Jekowsky against BMW of North America,
6  LLC ("BMW") on behalf of a nationwide class of all consumers who currently own or lease, or
7  previously owned or leased, 2007 to 2012 model BMW Z4 vehicles (the "Subject Vehicles")
8  equipped with BMW alloy wheels (the "BMW Alloy Wheels") that sustain cracks under ordinary
9  driving conditions (the "Class").

10   2.    The BMW Alloy Wheels are subject to cracking under normal driving conditions,
11  creating a safety hazard and necessitating replacement or repair of the wheel and sometimes the
12  tire, at substantial cost to the consumer.

13   3.    On behalf of himself and the Class, Plaintiff asserts claims individually and
14  collectively under the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq.*, California's Unfair
15  Competition Law ("UCL"), Business and Professions Code § 17200 *et seq.*, the Consumers Legal
16  Remedies Act ("CLRA"), Civil Code § 1750 *et seq.*, the Song-Beverley Consumer Warranty Act
17  Civil Code § 1790 *et seq.*, and the statutory and common law of implied and express warranties.

18                                      **PARTIES**

19   4.    Plaintiff BARRY JEKOWSKY is an individual who purchased a 2011 BMW Z4
20  automobile equipped with BMW Alloy Wheels.  Plaintiff is, and at all material times was, a
21  resident of Marin County, California.

22   5.    Defendant BMW North America LLC ("Defendant" or "BMW") is a Delaware
23  corporation with its principal place of business in New Jersey.

24                          **JURISDICTION AND VENUE**

25   6.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §
26  1332(d)(2), as the claims alleged herein raise a federal question; they are asserted on behalf of a
27  class of all persons in the United States who purchased a Subject Vehicle; the matter in
28  controversy, upon information and belief, exceeds $5,000,000, exclusive of interest and costs; and

1  this matter is a class action in which Class members are citizens of a different state than that of

2  Defendant.

3      7.      Venue is proper in this Court pursuant to 28 U.S.C.  § 1391, because the acts and

4  omissions of Defendant occurred in this District.

5                              **FACTUAL ALLEGATIONS**

6      8.      This nationwide class action is brought on behalf of all current and former owners

7  and lessees of the Subject Vehicles that either a) came equipped with the BMW Alloy Wheels (as

8  defined herein) or b) had BMW Alloy Wheels installed after purchase or lease.

9      9.      The Subject Vehicles were marketed and sold by BMW through its established

10  network of licensed dealers.  The BMW Alloy Wheels were furnished by BMW for the express

11  purpose of placing them on the Subject Vehicles prior to the distribution and sale of the Subject

12  Vehicles to the public.

13      10.      Prior to marketing and selling the Subject Vehicles to Plaintiff and members of the

14  Class, BMW knew or should have known that the BMW Alloy Wheels were subject to cracking,

15  which required the wheels and, in many instances, the tires, to be replaced after being used for as

16  little as 20,000 miles.  BMW further knew or should have known that such cracking was not

17  consistent with the reasonable expectations of consumers regarding alloy wheel life on the

18  Subject Vehicles.  Despite this knowledge, BMW installed the BMW Alloy Wheels on the

19  Subject Vehicles and knowingly and purposefully failed to disclose to consumers that the BMW

20  Alloy Wheels had an unreasonably short lifespan and would require far more frequent

21  replacement than reasonable consumers would expect.

22      11.      Prior to marketing and selling the Subject Vehicles to Plaintiff and members of the

23  Class, BMW, as the manufacturer of the Subject Vehicles, performed, or should have performed,

24  testing on the BMW Alloy Wheels using BMW's Z4 automobiles to determine that the wheels

25  were susceptible to cracking and ensuing tire damage.

26      12.      Notwithstanding its knowledge, BMW knowingly and purposefully failed to

27  disclose and/or adequately disclose to Plaintiff and members of the Class that the BMW Alloy

28

1  Wheels have an unreasonably short lifespan due to the susceptibility to cracking and require far

2  more frequent repair and/or replacement than normal or defect-free alloy wheels.

3      13.     The defect is not a localized phenomenon.  On information and belief, BMW

4  owners and lessees across the United States and in other countries have experienced widespread

5  cracking problems, resulting in news media coverage the issue and multiple lawsuits.

6      14.     BMW provided Plaintiff and the Class members with an express, written warranty

7  (the "Warranty") covering 4 years or 50,000 miles (the "Warranty Period"), whichever occurs

8  first.  The Warranty expressly includes the "first retail purchaser, and each subsequent purchaser."

9  However, BMW has refused to honor the Warranty as it relates to cracked wheels occurring

10  within the Warranty Period.  As a result, Plaintiff and members of the Class have been required to

11  pay excessive amounts of money to replace cracked BMW Alloy Wheels, due to no fault of their

12  own, in order to merely operate their vehicles.  This has prevented Plaintiff and members of the

13  Class from receiving the benefit of the bargain they each made with BMW for a safe, operable

14  vehicle.

15      15.     In or about February 2011, Plaintiff leased a new 2011 BMW Z4 automobile (the

16  "BMW Z4").  He operated the BMW Z4 in a manner consistent with its intended use.

17      16.     Nevertheless, in late September 2012, when the BMW Z4 had been driven fewer

18  than 19,300 miles, Plaintiff discovered one of its rear wheels was cracked in multiple locations.

19  He had the car inspected by an authorized BMW dealer who ascertained that replacement of the

20  wheel and tire was required.

21      17.     In December 2012, when the BMW Z4 had been driven approximately 23,000

22  miles, Plaintiff encountered problems with tire pressure.  An authorized BMW dealer again

23  inspected the vehicle and found a rear wheel was cracked in multiple locations, again

24  necessitating replacement of the associated wheel and tire.

25      18.     On both occasions, Plaintiff was advised that the damage to the BMW Alloy

26  Wheels and resulting tire damage was not covered under warranty, and that he would be obliged

27  to pay for these repairs.  The total cost of repairs due to the BMW Alloy Wheel cracking was

28  $2,090.68.

1    19.    Had Plaintiff been informed of the BMW Alloy Wheels' tendency to crack, he
2  would not have purchased his BMW vehicle at the price paid or would have purchased the vehicle
3  with different wheels.

4                          **CLASS ACTION ALLEGATIONS**

5    20.    Plaintiff brings this class action on behalf of himself and all others similarly
6  situated as members of the proposed Class defined as follows: all consumers who currently own
7  or lease, or previously owned or leased, a 2007 to 2012 BMW Z4 vehicle that has or had BMW
8  Alloy Wheels.

9    21.    Excluded from the Class are BMW, any entity in which BMW has a controlling
10  interest, and any of its subsidiaries, affiliates, and officers, directors of BMW, or employees,
11  authorized dealers and any legal representative, heir, successor, or assignee of BMW. Also
12  excluded from the Class are any individuals asserting claims for personal injury and the Court to
13  which this matter is assigned.

14    22.    This action has been brought and may properly be maintained as a class action
15  pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

16    23.    Defendant has publicly reported that between 2007 and 2012, it sold thousands of
17  the Subject Vehicles. While the exact number of Class members is unknown to Plaintiff at this
18  time and can only be ascertained through appropriate discovery, Plaintiff is informed and
19  believes, and on that basis alleges, that thousands of persons are members of the Class. The
20  members of the Class are therefore so numerous that joinder of all claims would be impracticable.
21  The disposition of their claims through this class action will benefit both the parties and the Court.
22  Class members may be notified of the pendency of this action by published and/or mailed notice.

23    24.    There is a well-defined community of interest in the questions of law and fact
24  affecting the parties represented in this action. Common questions of law and fact exist as to all
25  members of the Class. These common questions predominate over the questions affecting only
26  individual Class members. They include, but are not limited to, the following:

27              (a)    Whether the BMW Alloy Wheels that come with the Subject Vehicles
28                     crack at unacceptably high rates;

4

(b)    Whether BMW made false and/or misleading statements of fact or omitted to state material facts to the Class and the public concerning BMW Alloy Wheels;

(c)    If so, whether BMW's false and/or misleading statements of fact and concealment of material facts concerning the performance and reliability of the BMW Alloy Wheels were likely to deceive the public;

(d)    Whether the BMW Alloy Wheels fail to conform to BMW's product specifications;

(e)    Whether BMW concealed from Plaintiff and the Class that BMW Alloy Wheels do not conform to BMW's product specifications;

(f)    Whether, by the misconduct alleged in this Complaint, BMW has violated:

    (i)    the Magnuson-Moss Warranty Act.;

    (ii)    Business & Professions Code § 17200 et seq.;

    (iii)    the Consumer Legal Remedies Act; and

    (iv)    the Song-Beverly Consumer Warranty Act.

(g)    Whether BMW has breached an express warranty to Plaintiff and members of the Class;

(h)    Whether BMW has breached an implied warranty of merchantability to Plaintiff and members of the Class; and

(i)    Whether, as a result of BMW's misconduct as alleged herein, Plaintiff and the Class are entitled to damages, restitution, injunctive relief, and other remedies, and, if so, the amount and nature of such relief.

25.    Plaintiff's claims are typical of the claims of the other members of the Class. Defendant's conduct has caused Plaintiff and members of the Class to sustain the same or highly similar injuries and damages. Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff and all members of the Class have sustained economic injury, including ascertainable loss and injury in fact, arising out of BMW's violations of law as alleged herein.

1      26.    Plaintiff will fairly and adequately represent and protect the interests of the

2  members of the Class. Plaintiff is a member of the Class and does not have any conflict of

3  interest with other Class members. Plaintiff has retained and is represented by competent counsel

4  who are experienced in complex class action litigation, including automobile warranty and

5  consumer class actions such as the present action.

6      27.    The nature of this action makes a class action the superior and appropriate

7  procedure to afford relief for the wrongs alleged herein. There will be no difficulty in the

8  management of this class action. Individualized litigation presents the potential for inconsistent

9  or contradictory judgments. A class action presents far fewer management difficulties and

10  provides the benefits of single adjudication, economy of scale, and comprehensive supervision by

11  a single court.

12

## TOLLING OF THE STATUTE OF LIMITATIONS

13      28.    The causes of action alleged herein accrued upon discovery of the unacceptably

14  high susceptibility of the BMW Alloy Wheels to cracking. Plaintiff and members of the Class did

15  not discover and could not have discovered the factual bases of their claims through the exercise

16  of reasonable diligence. Moreover, because Defendant knowingly and actively concealed the facts

17  alleged herein, Plaintiff and the Class have been kept ignorant of vital information essential to the

18  pursuit of these claims, without any fault or lack of diligence on their part.

19      29.    Despite the fact that Defendant knew or should have known about the defects in its

20  BMW Alloy Wheels and thereby in the Subject Vehicles, it failed to inform Plaintiff and the

21  Class members of these facts.

22      30.    Defendant was and is under a continuous duty to disclose to Plaintiff and the Class

23  material information regarding the defects in the BMW Alloy Wheels. As described above, the

24  susceptibility to cracking and ensuing safety hazards and requirements for replacement or repair

25  of both wheels and tires is material information that a reasonable purchaser would consider

26  important when selecting an automobile and wheels.

27

28

31. Since Plaintiff and the Class had no way of knowing or suspecting the BMW Alloy Wheels were defective and were highly susceptible to cracking, Defendant is estopped from relying on any statute of limitations in its defense of this action.

## FIRST CLAIM FOR RELIEF

### (Violation of the Magnuson-Moss Warranty Act)

32. Plaintiff realleges and incorporates by reference herein each of the allegations set forth above.

33. The Magnuson-Moss Warranty Act imposes civil liability on any warrantor for, *inter alia*, failing to comply with any obligation under a written and/or implied warranty. 15 U.S.C. § 2310(d)(1). The Act authorizes suits for damages and other legal and equitable relief and the award of attorneys' fees, and expressly authorizes class actions. 15 U.S.C. §§ 2310(d)(1), 2310(e).

34. Defendant is a "warrantor" within the meaning of 15 U.S.C. § 2301(5).

35. Plaintiff and the members of the Class are "consumers" within the meaning of 15 U.S.C. § 2301(3).

36. As set forth above, Defendant expressly warranted the Subject Vehicles against defects in materials or workmanship.

37. The Warranty is a "written warranty" within the meaning of 15 U.S.C. § 2301(6).

38. Defendant breached the Warranty as set forth above.

39. The Subject Vehicles are also subject to an implied warranty of merchantability, which warranty is an implied warranty within the meaning of 15 U.S.C. § 2301(7).

40. Defendant breached this implied warranty in the manner described above.

41. Defendant has had more than adequate opportunity to cure the problem, but has not done so.

42. Plaintiff and members of the Class were damaged by Defendant's failure to comply with their obligations under the applicable express and implied warranties. As a direct and proximate cause of Defendant's breaches of express and implied warranties, Plaintiff and other Class members have suffered actual economic damages.

1     WHEREFORE, Plaintiff prays for relief as set forth below.

2     <u>**SECOND CLAIM FOR RELIEF**</u>

3 **(Violations of Unfair Competition Law - Business & Professions Code § 17200, *et seq.*)**

4     43.   Plaintiff realleges and incorporates by reference herein each of the allegations set
5 forth above.

6     44.   Business & Professions Code § 17200 *et seq.* (the "Unfair Competition Law" or
7 "UCL") defines unfair competition to include any unlawful, unfair or fraudulent business act or
8 practice. Unfair competition also includes "unfair, deceptive, untrue or misleading advertising."
9 The UCL authorizes courts to order injunctive and/or declaratory relief and other equitable relief
10 to remedy any violations.

11     45.   Throughout the Class Period, BMW committed acts of unfair competition, as
12 defined by the UCL, by falsely concealing the fact that BMW Alloy Wheels' tendency to
13 prematurely crack and that such cracking creates a safety hazard and necessitates costly
14 replacement of the tires and BMW Alloy Wheels.

15     46.   BMW's conduct is unlawful in that it constitutes a violation of the CLRA, the
16 Song-Beverly Consumer Warranty Act, and the Magnuson-Moss Warranty Act, as alleged herein.

17     47.   BMW's conduct is unfair in that the harm to Plaintiff and the Class arising from
18 BMW's conduct outweighs the utility, if any, of this conduct.

19     48.   BMW's conduct was fraudulent and likely to deceive reasonable consumers in that
20 BMW omitted and/or failed to disclose material facts regarding the BMW Alloy Wheels'
21 tendency to prematurely crack, and that such cracking creates a safety hazard and necessitates
22 costly replacement of the BMW Alloy Wheels and tires. BMW's failure to disclose the BMW
23 Alloy Wheels' tendency to prematurely crack constitutes deception by omission. BMW had a
24 duty to disclose these material facts.

25     49.   The facts concealed and omitted are material facts in that a reasonable consumer
26 would have considered them important in deciding whether or not to purchase his or her Subject
27 Vehicle.

28

50.     As a result of Defendant's practices, Plaintiff and the Class suffered injury in fact and lost money or property. As a direct and proximate result of the acts and practices alleged above, pursuant to California Business & Professions Code §17203, Plaintiff and the Class are therefore entitled to:

      (a)   Preliminary and permanent injunctive relief;

      (b)   restitution of all monies paid to BMW as a result of its deceptive practices, including, but not limited to, disgorgement of all profits derived from the sale of the subject vehicles;

      (c)   interest as allowable by law; and

      (d)   recovery of Plaintiff's attorneys' fees and costs and expenses incurred in the filing and prosecution of this action, pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF

### (Violations of Consumers Legal Remedies Act)

51.     Plaintiff realleges and incorporates by reference herein each of the allegations set forth above.

52.     At all relevant times:

      (a)   Plaintiff was a "consumer," as that term is defined in Civ. Code § 1761(d);

      (b)   the BMW Alloy Wheels constituted "goods," as that term is defined in Civ. Code § 1761(a);

      (c)   BMW was a "person," as that term is defined in Civ. Code § 1761(c); and

      (d)   Plaintiff's purchase of one of the Subject Vehicles with BMW Alloy Wheels constituted a "transaction," as that term is defined in Civ. Code § 1761(e).

53.     The policies, acts, and practices of BMW described herein were intended to and did result in the sale of the Subject Vehicles to consumers. By offering the Subject Vehicles for sale to the public, BMW represented, directly or by implication, that the Subject Vehicles did not

1  have any latent defects that would substantially affect consumers' ability to use them for their

2  intended purpose.

3       54.    The susceptibility to cracking of the BMW Alloy Wheels was a material fact

4  related to the Subject Vehicles and was known only to BMW. At all relevant times, BMW knew

5  that Plaintiff and members of the Class did not know or could not have reasonably discovered the

6  problem prior to purchasing the Subject Vehicles. Defendant had a duty to disclose the material

7  facts clearly and conspicuously at the time of sale. Defendant's duty to disclose was created by:

8  (1) the materiality of the information; (2) the safety risk posed by the Defect; (3) Defendant's

9  affirmative representations about the express warranty of 4 years or 50,000 miles, whichever

10  comes first; (4) Defendant's exclusive knowledge of material facts not known to Plaintiff; and (5)

11  Defendant's active concealment of material facts from Plaintiff.

12       55.    Defendant's practices, acts, policies, and course of conduct violated §1770(a)(7) of

13  the CLRA in that Defendant falsely represented that the BMW Alloy Wheels were of a particular

14  standard or quality.

15       56.    Defendant further violated §1770(a)(5) of the CLRA by representing that that the

16  BMW Alloy Wheels have characteristics, uses and benefits which they do not have.

17       57.    Defendant also violated §1770(a)(14) of the CLRA by representing that

18  transactions conferred or involved rights, remedies, or obligations which it does not have.

19  Specifically, Defendant expressly warranted the Subject Vehicles against defects in materials or

20  workmanship to the first retail purchaser, and each subsequent purchaser, and then failed to honor

21  that warranty.

22       58.    Defendant's violations of the CLRA present a continuing threat to Plaintiff and the

23  Class in that Defendant continues to engage in the above-referenced acts and practices, and unless

24  enjoined from doing so by this Court, will continue to do so.

25       59.    In compliance with the provisions of Civil Code §1782, Plaintiff is providing

26  notice to BMW of its violations and providing it an opportunity to cure its violations. Unless

27  BMW does so within 30 days, Plaintiff will file a complaint for damages under Civil Code §1750,

28  *et seq.*

1        60.    Plaintiff is entitled to an award of attorneys' fees and costs pursuant to Civil Code

2   § 1780(d).

3        WHEREFORE, Plaintiff prays for relief as set forth below.

4   **FOURTH CLAIM FOR RELIEF**

5   **(Breach of Express Warranty)**

6        61.    Plaintiff realleges and incorporates by reference herein each of the allegations set

7   forth above.

8        62.    Through the Warranty described above, BMW expressly warrants the Subject

9   Vehicles against defects in materials or workmanship to the first retail purchaser, and each

10  subsequent purchaser.

11       63.    The BMW Alloy Wheels are defective and render the Subject Vehicles defective

12  as described above.

13       64.    Despite repeated requests from Plaintiff, BMW has refused to honor the Warranty.

14       65.    Plaintiff and the members of the Class have suffered damages as a result of the

15  Subject Vehicles' failure to perform as warranted and BMW's refusal and/or failure to comply

16  with their obligations under the Warranty.

17       WHEREFORE, Plaintiff prays for relief as set forth below.

18  **FIFTH CLAIM FOR RELIEF**

19  **(Breach of Implied Warranty of Merchantability)**

20       66.    Plaintiff realleges and incorporates by reference herein each of the allegations set

21  forth above.

22       67.    The Subject Vehicles are subject to an implied warranty of merchantability.

23       68.    Given the susceptibility to cracking of the BMW Alloy Wheels, the Subject

24  Vehicles are not of merchantable quality and are not fit for the ordinary purposes for which such

25  products are used.

26       69.    Defendant has therefore breached the implied warranty of merchantability.

27       70.    Plaintiff and the Class members have suffered damages as a direct and proximate

28  result of Defendant's breach of the implied warranty of merchantability.

1    WHEREFORE, Plaintiff prays for relief as set forth below.

2    ## SIXTH CLAIM FOR RELIEF

3    **(Violation of the Song-Beverly Consumer Warranty Act)**

4    71.    Plaintiff realleges and incorporates by reference herein each of the allegations set

5    forth above.

6    72.    The subject vehicle leased by Plaintiff is a "consumer good" as defined in Civil

7    Code §1791(a).

8    73.    Defendant BMW is a "manufacturer" as defined in California Civil Code §1791(j).

9    Plaintiff is informed and believes and thereupon alleges that defendant BMW is a warrantor and

10   thus obligated to comply with Civil Code §1790 et seq. including but not limited to Civil Code

11   §1793.2 (b)(c).

12   74.    Plaintiff's lease of the BMW Z4 was accompanied by express factory warranties

13   offered by defendant BMW to Plaintiff. Due to the existence of the warranties, defendants cannot

14   disclaim implied warranties. These warranties were part of the basis of the bargain of Plaintiff's

15   contract for the purchase of the vehicle.

16   75.    BMW's express warranties covered any repairs or replacements needed during the

17   warranty period due to defects in factory materials or workmanship. Any required adjustments or

18   repairs would also be made during the basic coverage period. All warranty repairs and

19   adjustments, including parts and labor, were to be made at no charge. Additional warranties were

20   set forth in the warranty booklet, and are incorporated herein by reference as though fully set

21   forth.

22   76.    In fact, when delivered to Plaintiff, the BMW Z4 was defective in materials and

23   workmanship, such defects being discovered within the warranty periods. After Plaintiff took

24   possession of the vehicle he began experiencing defective conditions with the subject vehicle,

25   including cracked wheels.

26   77.    During his ownership of the BMW Z4, Plaintiff returned the vehicle to authorized

27   BMW servicing dealerships for repairs on at least two occasions. Despite being given the

28   opportunity to repair the vehicle, BMW failed to repair the vehicle so as to bring it into

1   conformity with the warranties set forth herein. In fact, BMW falsely claimed the defect with the

2   cracked wheels was Plaintiff's fault and refused to repair the wheels under warranty despite the

3   fact BMW was aware that the wheels installed on Plaintiff's vehicle and class members' vehicles

4   at the time of manufacturing were defective.

5       78.    The defects experienced by Plaintiff with the BMW Z4 substantially impair its use,

6   value, and safety to Plaintiff. Despite Plaintiff's repeated efforts to allow BMW the opportunity

7   to repair the subject vehicle, BMW refused to replace the defective wheels under warranty.

8       79.    The express warranties described and incorporated herein by reference are each an

9   "express warranty" as defined in California Civil Code §1791.2(a)(1).

10       80.    The BMW Z4 leased to Plaintiff contained an implied warranty of merchantability

11   running from defendants to Plaintiff pursuant to California Civil Code §1792.

12       81.    Plaintiff leased the subject vehicle with the reasonable expectation that the vehicle

13   was fit to be used for the ordinary and intended purpose of providing Plaintiff with reliable and

14   safe transportation. BMW knew when manufactured and sold, that the intended and ordinary

15   purpose of the vehicle was to provide its owners with reliable, safe, and dry transportation.

16       82.    At all times that Plaintiff had possession of the subject vehicle, Plaintiff used it for

17   the intended and ordinary purpose of transportation.

18       83.    However, the subject vehicle was not fit for the ordinary purposes for which it was

19   sold. It was in fact defective, as set forth above, and not fit to provide Plaintiff with dependable,

20   safe transportation.

21       84.    As a direct and proximate result of BMW's willful violation of its obligations

22   under the Song-Beverly Consumer Warranty Act, Plaintiff and the class have suffered damages,

23   including but not limited to money expended on the repair of the wheels, finance charges, the cost

24   of repairs related to these defects, other incidental and consequential damages, and attorneys' fees

25   which Plaintiff and the class have incurred and will continue to incur in order to protect their

26   rights in this matter.

27       85.    Under California Civil Code §1794(d), Plaintiff is entitled to recover a sum equal

28   to the aggregate amount of costs and expenses, including attorneys' fees. As a proximate result of

1 | defendants' misconduct as alleged herein, and in an effort to protect his rights, Plaintiff has

2 | incurred and will continue to incur legal fees, costs, and expenses in connection therewith.

3 | WHEREFORE, Plaintiff prays for relief as set forth below.

4 | **SEVENTH CLAIM FOR RELIEF**

5 | **(Declaratory Relief)**

6 | 86. Plaintiff realleges and incorporates by reference the allegations contained in the

7 | preceding paragraphs as though fully set forth herein, and further alleges as follows:

8 | 87. An actual controversy has arisen between Plaintiff and members of the Class on

9 | the one hand, and Defendant, on the other hand, as to their respective rights, remedies and

10 | obligations. Specifically, Plaintiff contends and Defendant denies, that:

11 | (a) The BMW Alloy Wheels that come with the Subject Vehicles crack at
12 | unacceptably high rates;

13 | (b) BMW made false and/or misleading statements of fact and/or omitted to
14 | state material facts to the Class and the public concerning BMW Alloy
15 | Wheels;

16 | (c) BMW's false and/or misleading statements of fact and concealment of
17 | material facts concerning the performance and reliability of the BMW
18 | Alloy Wheels were likely to deceive the public;

19 | (d) BMW Alloy Wheels fail to conform to BMW's product specifications;

20 | (e) BMW concealed from Plaintiff and the Class that BMW Alloy Wheels do
21 | not conform to BMW's product specifications;

22 | (f) By the misconduct alleged in this Complaint, BMW has violated:
23 | (i) Business & Professions Code § 17200 et seq.;
24 | (ii) the Consumer Legal Remedies Act;
25 | (iii) the Magnuson-Moss Warranty Act; and
26 | (iv) the Song-Beverly Consumer Warranty Act;

27 | (g) BMW has breached an express warranty to Plaintiff and members of the
28 | Class;

14
COMPLAINT

(h)    BMW has breached an implied warranty of merchantability to Plaintiff and members of the Class; and

(i)    As a result of BMW's misconduct as alleged herein, Plaintiff and the Class are entitled to damages, restitution, and other remedies.

88.    Accordingly, Plaintiff seeks a declaration as to the respective rights, remedies, and obligations of the parties.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in favor of himself and the proposed Classes for the following:

1. an order certifying the proposed Class and appointing Plaintiff and his counsel to represent the Class;

2. injunctive and declaratory relief as pled or as the Court may deem proper;

3. an award of damages and restitution in favor of Plaintiff and the Class;

4. interest as allowable by law;

5. an award of reasonable attorneys' fees as provided by applicable law;

6. all costs of suit; and

7. such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: May 10, 2013         CHAVEZ & GERTLER LLP

KEMNITZER, BARRON, & KRIEG, LLP

By: _____
Mark A. Chavez

Attorneys for Plaintiff BARRY JEKOWSKY and the Proposed Class

15
COMPLAINT

1                                                    **DEMAND FOR JURY TRIAL**

2

3         Plaintiff hereby demands a trial by jury on all claims so triable.

4

5                                         Respectfully submitted,

6   Dated: May _10_, 2013                       CHAVEZ & GERTLER LLP

7                                       KEMNITZER, BARRON & KRIEG LLP

8                                 By: _____

9                                         Mark A. Chavez

10                                 Attorneys for Plaintiff BARRY JEKOWSKY and

11                                 the Proposed Class

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL