CHAVEZ & GERTLER LLP
MARK A. CHAVEZ          Bar No.  090858
42 Miller Avenue
Mill Valley, CA  94941
Telephone:  (415) 381-5599
Facsimile:  (415) 381-5572

KEMNITZER, BARRON, & KRIEG, LLP
BRYAN KEMNITZER          Bar No. 066401
NANCY BARRON          Bar No. 099278
ELLIOT CONN          Bar No. 279920
445 Bush St., 6th Floor
San Francisco, CA  94108
Telephone:  (415) 632-1900
Facsimile:  (415) 632-1901

Attorneys for Plaintiff Barry Jekowsky and the proposed class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BARRY JEKOWSKY, individually and on behalf of all others similarly situated, <br><br> Plaintiff. <br><br> vs. <br><br> BMW OF NORTH AMERICA, LLC, and BAYERISCHE MOTOREN WERKE AG <br><br> Defendants. | **Case No. 3:13-cv-02158-VC** <br><br> CLASS ACTION <br><br> **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Unlimited Civil Case <br><br> **Date:  March 12, 2015** <br> **Time:  10:00 a.m.** <br> **Dept.:  Courtroom 4, 17th Floor** <br> **Hon. Vince Chhabria** |

1      **THIS MATTER HAVING** come before this Court for an Order preliminarily certifying

2    a settlement class and preliminarily approving a settlement between Plaintiff BARRY

3    JEKOWSKY, individually and on behalf of the proposed Settlement Class and Defendant BMW

4    OF NORTH AMERICA, LLC, and this Court having reviewed the Settlement Agreement and

5    Release (the "Settlement Agreement") and attachments thereto, executed by the parties, and

6    submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement,

7    and the parties having consented to the entry of this Order;

8       **IT IS HEREBY ORDERED** this 12th day of March, 2015 as follows:

9    1.    This Order of Preliminary Approval incorporates the Settlement Agreement, and the

10    terms used in this Order shall have the meanings and/or definitions given to them in the

11    Settlement Agreement, as submitted to the Court with the Motion for Preliminary Approval of

12    Class Action Settlement.

13       For purposes of the Settlement, and conditioned upon the Settlement receiving final

14    approval following the Final Approval Hearing and upon the occurrence of the Effective Date of

15    Settlement, this Court hereby conditionally certifies a Settlement Class, defined as follows and

16    subject to the stated exclusions below:

17       The phrase "Settlement Class" is defined as follows:

18
           All residents of the United States (including Puerto Rico), who currently
19           own or lease, or previously owned or leased, a Class Vehicle.

20       The phrase "Class Vehicle" is defined as follows:

21
           2009 through 2012 model year BMW Z4 vehicles that were sold or leased in
22           the United States or Puerto Rico to residents of the United States and Puerto
           Rico that were equipped with Class Wheels either as original equipment, or
23           that a Class Member equipped with Class Wheels post-purchase.

24       The phrase "Class Wheels" is defined as follows:

25           BMW Style 296 wheels.

26

27       Excluded from the Class are:

28    1)  BMW NA, its related entities, parent companies, subsidiaries and affiliates, and their

respective officers, directors, and employees;

2) insurers of the Class Vehicles, Class Wheels, or tires installed on the Class Vehicle;

3) all persons and/or entities claiming to be subrogated to the rights of Class Members;

4) issuers or providers of extended vehicle warranties, issuers or providers of tire/wheel warranties, or issuers or providers of extended service contracts;

5) individuals and/or entities who validly and timely opt-out of the Settlement;

6) consumers or businesses that have purchased Class Vehicles previously deemed a total loss (i.e. salvage) (subject to verification through Carfax or other means);

7) current and former owners of a Class Vehicle who previously have released their claims against BMW NA with respect to the issues raised in the Litigation (this exclusion does not limit a class member's ability to file a claim for any otherwise eligible Out-Of-Pocket Cost the Class Member incurred to replace a cracked Class Wheel sustained after he or she signed the release);

8) United States and Puerto Rico residents who have purchased Class Vehicles in the United States but have since transported the vehicle outside the United States for permanent use abroad;

9) Rentals or company owned vehicles;

10) any current or former owner or lessee of a Class Vehicle that has received or obtained a goodwill or warranty replacement of a cracked Class Wheel (unless the consumer had to pay or share in some portion of the cost of a goodwill replacement);

11) any judge to whom this matter is assigned, and his or her immediate family (spouse, domestic partner, or children);

12) individuals who purchased four replacement Class Wheels (two front, two rear) at the same time to change from a different style Z4 wheel to a Class Wheel (this exclusion does not limit a Class Member's ability to make a claim under the terms and conditions of the Settlement for an eligible Out-Of-Pocket Cost the Class Member subsequently incurs to replace any of the four replacement Class Wheels that sustain a crack); and

3

13) Class Vehicles that were involved in accidents that resulted in damage and subsequent need to replace a Class Wheel.

2.      Without prejudice to Final Approval, the Settlement, on the terms and conditions stated therein, is preliminarily approved by this Court as being within the range of reasonableness. This Court specifically finds that the Settlement resulted from extensive arms-length negotiation, the Settlement is sufficient to warrant dissemination of notice of the Settlement and of the Final Approval Hearing on said Settlement, to the Settlement Class. This Court further finds that Representative Plaintiff and Class Counsel provisionally are found to fairly and adequately represent the interests of the Class and to satisfy the requirements to be representatives of and counsel to the Class, respectively.

3.      The Court therefore appoints BARRY JEKOWSKY as the class representative and Kemnitzer, Barron & Krieg and Chavez & Gertler are appointed as class counsel.

4.      A Final Approval Hearing shall be held on October 29, 2015 at 10:00 a.m. before the Honorable Vince Chhabria in Courtroom 4, 17th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA, 94102, to consider:  (a) the fairness, reasonableness and adequacy of the proposed Settlement; (b) whether the Settlement should be finally approved by this Court; (c) the application of Class Counsel for an award of Attorneys' Fees and Expenses; (d) the application of a service award to the Class representatives; (e) designation of the cy pres recipient(s), if any, for any uncashed reimbursement check by members of the class, conditioned upon the existences of a residue after distribution is complete; (f) and such other matters as this Court may deem proper and necessary.

5.      The court approves Gilardi & Co. as the Claims Administrator, to perform the duties set forth in the proposed Settlement Agreement.

6.      The Notice of Proposed Class Action Settlement ("Class Notice") is attached to the Settlement Agreement as Exhibit B and the Claim Form is attached to the Settlement Agreement as Exhibit C.  The Class Notice and Claim Form are approved for the purpose of notifying the Class as to the proposed Settlement, the Final Approval Hearing, and the rights of members of

the Class. The Court finds that it is the best notice practical, and is reasonably calculated, under the circumstances, to apprise the Class of the pendency of the Action and their right to participate in, object to, or exclude themselves from the Settlement.  This Court further finds that the Notice of Proposed Settlement Class Notice is sufficient notice of the Final Approval Hearing, the Settlement, the application for attorneys' fees and expenses, service award, and other matters set forth therein, and that the Notice of Proposed Settlement fully satisfies the California Rules of Court and due process of law, to all persons entitled thereto.  Individual notice shall be sent by the Claims Administrator, to each respective member of the Class via first class postage pre-paid U.S. Mail seventy-five (75) days from the issuance of this Order of Preliminary Approval.  As set forth in the Settlement Agreement, BMW shall be responsible for all costs and expenses incurred in connection with disseminating the Class Notice.  Class Counsel is further directed to send a follow-up reminder notice of the deadline to submit claims under the Settlement forty-five (45) days after the Class Notice is mailed.  Consistent with the parties' agreement as set forth in the Settlement Agreement, the reminder notice will be handled by the Claims Administrator and costs and expenses for the reminder notice will be paid by Class Counsel.

7.     Ten (10) days prior to the Final Approval Hearing, the Claims Administrator shall provide a declaration to the Court, with a copy to Class Counsel attesting to the measures undertaken to provide Notice to the members of the Settlement Class.

Any Settlement Class Member who intends to object to the fairness, reasonableness and adequacy of the Settlement must file a written Objection with the Claims Administrator, Class Counsel, and BMW's Counsel at the addresses set forth below, postmarked not later than forty-five (45) days after the date the Class Notice is mailed to the Settlement Class.  Any Objector must (1) set forth his/her full name, current address, and telephone number, (2) provide documentation sufficient to establish membership in the Class, (3) provide a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position, and (4) provide copies of any other documents that the objector wishes to submit in support of his/her position.  Objections must be served upon the Claims Administrator at the address set forth in the Class Notice:

8.     Objectors must state whether the Objector intends to appear at the Final Approval

Hearing(s).  No Objector shall be entitled to be heard at the Final Approval Hearing, and no written objections or briefs submitted by an Objector shall be received or considered by this Court at the Final Approval Hearing, unless the Objector has fully complied with all terms and conditions set forth in the Notice of Proposed Settlement as approved herein.  If an Objection is overruled, the Objector will be bound by the terms of the Settlement and may not exclude himself or herself later.  Members of the Class who fail to file and serve timely written objections in the manner specified above may be deemed to have waived any objections and may be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement, unless the objector provides good cause for non-compliance.

9.      Members of the Settlement Class may elect to exclude themselves from the Settlement Agreement, relinquishing their rights to any and all benefits under the Settlement Agreement. Members of the Settlement Class who exclude themselves from the Settlement will not release their claims pursuant to the release set forth in the Settlement Agreement.  A Settlement Class member wishing to exclude himself or herself from the Settlement must fully comply with all terms and conditions set forth in the Class Notice approved herein.  Any request for exclusion must be postmarked or delivered not later than forty-five (45) days after the date of Mailed Notice.  The request for exclusion must state (1) the Class Member's full name and current address, (2) provide the model year and Vehicle Identification Number of the Class Vehicle, and (3) specifically state the Class Member's desire to be excluded from the Settlement and from the Class.  Any member of the Settlement Class who fails to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Order and Judgment.

10.     Any member of the Settlement Class who submits a timely request for exclusion may not file an Objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

11.     The Court shall hold a Final Approval Hearing in this matter on October 29, 2015.  Class Counsel shall file their Motion for Final Approval and all supporting papers not later than

seventy-five (75) court days before the Final Approval Hearing.  Should BMW's counsel file briefing in relation to Final Approval, such briefing shall be filed no later than fourteen (14) Court days before the Final Approval Hearing.

12.     Class Counsel shall file their motion for award of attorneys' fees and costs at least ten (10) days prior to the deadline for Class Members to object to the Settlement Agreement.

13.     In the event that (a) this Court does not finally approve the settlement substantially as provided in the Settlement Agreement; (b) this Court does not enter the Final Order and Judgment as provided in all material respects and substantial form set forth in the Settlement Agreement; or (c) the Settlement does not become final for any other reason; and if the Parties following reasonable efforts, do not agree in writing to modify the Settlement Agreement and the Settlement is not consummated, the Settlement Agreement shall be null and void and any order entered by this Court in furtherance of this settlement shall be vacated nunc pro tunc.  In such a case, the Parties shall proceed in all respects as if the Settlement Agreement had not been executed and the Parties shall in no way be prejudiced in proceeding with or defending this litigation, the conditional class certification effected herein will be null and void, and BMW shall have the right to defend this lawsuit and to oppose certification of the Settlement Class or any other class at any future time.

14.     For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

15.     The parties are directed to carry out their obligations under the Settlement Agreement.

16.     Class Counsel shall serve a copy of this Order on all named parties or their counsel within five (5) days of receipt.

**Summary of Applicable Dates**

| | | |
|---|---|---|
| 1. | Preliminary Order Approved by the Court | March 12, 2015 |
| 2. | Class Notice to be sent by Claims Administrator (Settlement Agreement and Release §IV-A) (Preliminary Approval Order +75D) | May 26, 2015 |

7

| | 3. | Motion for Attorneys' Fees and Costs filed by Class Counsel<br>(Deadline for exclusions/objections -10D) | June 30, 2015 |
|---|---|---|---|
| | 4. | Exclusion from the Settlement Class postmarked by<br>(Settlement Agreement and Release §VI-A)<br>(Mailing of Class Notice +45D) | July 10, 2015 |
| | 5. | Objection to the Settlement postmarked by<br>(Settlement Agreement and Release §I-28)<br>(Mailing of Class Notice +45D) | July 10, 2015 |
| | 6. | Follow-up Post Card Reminder to class members to submit claim form (Settlement Agreement and Release §I-29) | July 15, 2015 |
| | 7. | Deadline to submit claim forms<br>(Settlement Agreement and Release §III-A)<br>(Mailing of Class Notice +90D) | August 24, 2015 |
| | 8. | Claims administrator provide BMW a list of all conditionally approved Claims<br>(Settlement Agreement and Release §V-C)<br>(Claim deadline +14D) | September 7, 2015 |
| | 9. | Claims Administrator's Compliance Declaration<br>(Settlement Agreement and Release §V-H)<br>(Deadline to file final approval motion -10D) | September 7, 2015 |
| | 10. | Motion for Final Approval and Response to Any Objection filed by<br>(USDC-ND Cal Local Rule 7-2)<br>(Hearing -35D) | September 23, 2015 |
| | 11. | Reply to Objection | October 5, 2015 |
| | 12. | Final Approval hearing | October 29, 2015 |
| | 13. | Effective Date<br>(Settlement Agreement and Release §I-19)<br>(Final Approval Order +31D) | November 30, 2015 |
| | 14. | Payment of all approved claims by Claims Administrator<br>(Settlement Agreement and Release §V-I)<br>(Effective Date +10D) | December 10, 2015 |
| | 15. | Checks expire<br>(Settlement Agreement and Release §V-H)<br>(Issuance +90D) | March 10, 2016 |
| | 16. | Compliance Hearing | TBA (July 2016) |

**SO ORDERED**

Dated: March 20, 2015

_____
Hon. Vince Chhabria

[Proposed] Order Granting Motion For Preliminary Approval Of Class Action Settlement