UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY JEKOWSKY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BMW OF NORTH AMERICA, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 13-cv-02158-VC<br><br>**ORDER RE MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 96 |

　　　　The plaintiff's motion for attorneys' fees and costs does not provide supporting information in a format that permits the Court to easily review the propriety of each request. Moreover, the supporting documentation no longer accurately reflects the fees and costs actually being sought, because the plaintiff stated in his reply brief that he is no longer seeking the award of various fees and costs.  For these reasons, the plaintiff is ordered to resubmit his fee and cost request in accordance with the concessions made in the reply brief.  By October 31, 2016, the plaintiff should file a supplemental fee request showing the following:

1. A table reflecting the pre-January 2016 billing entries supporting the fee awards sought.[1]  Rows 11, 14, 15, 17, and 22 on Exhibit 4 to Mr. Kizirian's declaration seem to relate to the issue of BMW's failure to give notice to the new class.  However, the other entries appear to concern tasks related to the original settlement agreement.

---

[1] This table, as well as the table of post-January 2016 billing entries, should include, at minimum, the date, name of the billing employee, task description, hours billed, billing rate, and amount.  It should also designate a unique, numerical identifier for each billing entry, such as the "row" number used in Exhibit 4 of Mr. Kizirian's declaration.  The "BillQuick" report submitted with the fee request is not adequate, unless a numerical identifier can be added and extraneous entries can be excluded.

Entries falling into the latter category should be excluded from the table.

2. A table reflecting billing entries to support the fee award sought for the period from January 1, 2016 to the present. Like the pre-January 2016 table, this table should exclude any fees arising from tasks related to the original settlement. Therefore, it should exclude the entries that class counsel has already agreed to deduct in the reply, as well as any others that relate only to original settlement. Reply Memorandum at 4 n.1. Class counsel should also remove the entries related to "clerical" work that class counsel is no longer pursuing, and carefully review whether Exhibit A to Mr. Chavez's declaration reflects an error with respect to the billing of time at the February 16, 2016 case management conference.

3. A table reflecting the costs being sought. Like with the fee tables, class counsel should remove from the costs table any other costs relating to the original settlement agreement. It should also exclude the $2,563.58 for Gilardi & Co, for which class counsel is no longer seeking payment.

4. Revised total amounts sought for: (1) pre-January 2016 fees, (2) post-January 2016 fees, (3) all costs, (4) additional work to be performed after an award of fees, if an award is granted.

**IT IS SO ORDERED.**

Dated: October 25, 2016

_____
VINCE CHHABRIA
United States District Judge