1   KEMNITZER, BARRON, & KRIEG, LLP
    BRYAN KEMNITZER        Bar No. 066401
2   NANCY BARRON           Bar No. 099278
    ELLIOT CONN            Bar No. 279920
3   445 Bush St., 6th Floor
    San Francisco, CA  94108
4   Telephone:  (415) 632-1900
    Facsimile:  (415) 632-1901
5
    CHAVEZ & GERTLER LLP
6   MARK A. CHAVEZ        Bar No.  090858
    42 Miller Avenue
7   Mill Valley, CA  94941
    Telephone:  (415) 381-5599
8   Facsimile:  (415) 381-5572

9   Attorneys for Plaintiff Barry Jekowsky and the proposed class

10

11

12                        UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                          SAN FRANCISCO DIVISION

15

16   BARRY JEKOWSKY, individually and on        **Case No. 3:13-cv-02158-VC**
     behalf of all others similarly situated,
17                                              CLASS ACTION
                    Plaintiffs,
18                                              **ORDER CERTIFYING CLASS FOR**
            vs.                                 **SETTLEMENT PURPOSES, GRANTING**
19                                              **FINAL APPROVAL OF CLASS**
     BMW OF NORTH AMERICA, LLC, and             **SETTLEMENT, AND ENTERING FINAL**
20   BAYERISCHE MOTOREN WERKE AG,               **JUDGMENT**

21                  Defendants                  **Date:  November 10, 2016**
                                                **Time:  10:00 a.m.**
22   _____   **Dept.:  Courtroom 4, 17th Floor**
                                                **Hon. Vince Chhabria**
23

24          THIS MATTER HAVING come before the Court for a hearing on November 10, 2016

25   pursuant to the Motion for Final Approval, filed to determine whether the Settlement Agreement

26   between the named Plaintiff ("Plaintiff"), BARRY JEKOWSKY individually and on behalf of

27   the proposed Settlement Class ("Class"), and Defendant BMW OF NORTH AMERICA, LLC

28   ("BMW") dated March 11, 2016 ("Settlement Agreement") is fair and reasonable, and should be

                                            1

approved as being in the best interests of the Class, and for the purpose of determining attorneys' fees and costs to be awarded, and for approval of all other matters contained therein.  Notice of the hearing, the Settlement and application for attorneys' fees and reimbursement of expenses having been given pursuant to the Settlement and as set forth in this Court's Preliminary Approval Order of March 15, 2016; all persons present or represented at the hearing, who were entitled to be heard having been given an opportunity to be heard; counsel for the parties having appeared in support of the Settlement; and the Court having considered all documents filed in support of the Settlement and fully considered all matters raised, all exhibits and affidavits filed and all evidence received at the hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court,

**IT IS ORDERED, ADJUDGED AND DECREED** on this 10th day of November 2016, that:

1.      This Final Judgment incorporates the Settlement Agreement, and the capitalized terms used in this Order shall have the meanings and/or definitions given to them in the Settlement Agreement, as submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement.

2.      This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the Settlement Class as that term is defined herein.

3.      This Court certifies this action, for settlement purposes only, as a Class Action.

4.      The following Settlement Class, provisionally certified by the Court in its Order dated March 15, 2016, is hereby certified under Federal Rule of Civil Procedure 23(c) and (e) for settlement purposes only, this Court hereby certifies a Settlement Class, defined as follows and subject to the stated exclusions below:

The phrase "Settlement Class" is defined as follows:

All current and former owners or lessees of the 288 Class Vehicles in the United States (including Puerto Rico) who did not or may not have received mailed notice of the First Settlement.

The phrase "Class Vehicle" is defined as follows:

2009 through 2012 model year BMW Z4 vehicles that were sold or leased in the United States or Puerto Rico to residents of the United States and Puerto Rico that were equipped with Class Wheels either as original equipment, or that a Class Member equipped with Class Wheels post-purchase.

The phrase "Class Wheels" is defined as follows:

BMW Style 296 wheels.

Excluded from the Class are:

1) BMW NA, its related entities, parent companies, subsidiaries and affiliates, and their respective officers, directors, and employees;

2) insurers of the Class Vehicles, Class Wheels, or tires installed on the Class Vehicle;

3) all persons and/or entities claiming to be subrogated to the rights of Class Members;

4) issuers or providers of extended vehicle warranties, issuers or providers of tire/wheel warranties, or issuers or providers of extended service contracts;

5) individuals and/or entities who validly and timely opt-out of the Settlement;

6) consumers or businesses that have purchased Class Vehicles previously deemed a total loss (i.e. salvage) (subject to verification through Carfax or other means);

7) current and former owners of a Class Vehicle who previously have released their claims against BMW NA with respect to the issues raised in the Litigation (this exclusion does not limit a class member's ability to file a claim for any otherwise eligible Out-Of-Pocket Cost the Class Member incurred to replace a cracked Class Wheel sustained after he or she signed the release);

8) United States and Puerto Rico residents who have purchased Class Vehicles in the United States but have since transported the vehicle outside the United States for permanent use abroad;

9) Rentals or company owned vehicles;

10) any current or former owner or lessee of a Class Vehicle that has received or obtained a goodwill or warranty replacement of a cracked Class Wheel (unless the consumer had to pay or share in some portion of the cost of a goodwill replacement);

11) any judge to whom this matter is assigned, and his or her immediate family (spouse, domestic partner, or children);

12) individuals who purchased four replacement Class Wheels (two front, two rear) at the same time to change from a different style Z4 wheel to a Class Wheel (this exclusion does not limit a Class Member's ability to make a claim under the terms and conditions of the Settlement for an eligible Out-Of-Pocket Cost the Class Member subsequently incurs to replace any of the four replacement Class Wheels that sustain a crack);

13) Class Vehicles that were involved in accidents that resulted in damage and subsequent need to replace a Class Wheel; and

14) Members of the First Settlement Class.

5.      This Court finds on the record before it that the Class meets the requirements for class certification for settlement purposes as the Class is so numerous that joinder of all members is impracticable.

6.      This Court finds on the record before it that the Class meets the requirement for class certification for settlement purposes as questions of law or fact common to the issues to be reviewed in connection with the Settlement predominate over the questions affecting only individual members for the purpose of implementing the Settlement in accordance with the Settlement Agreement.

7.      This Court finds on the record before it that the Class meets the requirement for class certification for settlement purposes as Plaintiff's claims are typical of the claims of the Class as a whole.

8.      This Court finds on the record before it, that the Class meets the requirements for class certification for settlement purposes as Plaintiff and his Class Counsel have adequately represented and will continue to adequately represent and protect the interests of the Class.

9.      This Court finds on the record before it that the Class is appropriate for certification for settlement purposes as certification of the Class for settlement purposes is superior to other available methods for the fair and efficient adjudication of the issues before this

Court at this time.  Manageability issues do not prevent certification here because there will be no trial.

10.    The individual Notice of Class Action Settlement ("Class Notice") by mail, given to each member of the Class at updated mailing addresses, constitutes the best notice practicable and is in full compliance with the requirements of the Federal Rules of Civil Procedure and due process of law.

11.    This Court finds that the Settlement and the Settlement Agreement and Release dated March 11, 2016 ("Settlement Agreement") are the product of arm's length negotiations between the parties and that the terms thereof are fair, reasonable, adequate, and in the best interests of the Class and are therefore approved and incorporated herein by the Court.

12.    The Settlement and Settlement Agreement should be implemented and consummated in accordance with the terms of the Settlement Agreement.  To the extent already implemented by the parties, such implementation is hereby approved and ratified by the Court.

13.    Upon the date of Final Judgment, the Plaintiff and all Settlement Class Members and their heirs, executors, estates, predecessors, successors, assigns, agents and representatives shall be deemed to have jointly and severally released and forever discharged Released Parties from any and all Released Claims as that term is defined in the Settlement Agreement.

14.    The terms of the Agreement and this Judgment shall be forever binding on, and shall have *res judicata* effect in any pending or future lawsuits or proceedings that may be brought or maintained by or on behalf of any Class Members.  This Court hereby bars and enjoins: (i) all Class Members, and all persons acting on behalf of, or in concert or participation with such Class Members, from filing, commencing, prosecuting, intervening in, or participating in, any lawsuit in any jurisdiction on behalf of any Class Member, based upon or asserting any of the Released Claims; and (ii) all Class Members, and all persons acting on behalf of or in concert or participation with such Class Members, from bringing a class action or seeking to certify a class which includes such Class Members, in any lawsuit based upon or asserting any of the Released Claims.

15.     Attached to this Judgment as **Exhibit 1** is a true and correct list of all Class Members who timely submitted Requests for Exclusion.  No Class Members, other than those listed in **Exhibit 1**, are excluded from the Class, or from the effect of this Judgment.

16.     It is expressly determined that there is no just reason for delay and the entry of this Judgment expressly is hereby directed.  In the event that this Judgment is appealed, its mandate will automatically be stayed until and unless the Judgment is affirmed in its entirety by the court of last resort to which such appeal(s) has (have) been taken and such affirmance is no longer subject to further appeal or review.

17.     This Final Order and Judgment is final for purposes of appeal and may be appealed, and the Clerk is hereby directed to enter Judgment thereon.

18.     ~~Attorneys' fees and reimbursement of expenses to counsel for the Class in the additional amount of $90,000.00 is hereby approved as fair and reasonable and BMW shall make such payments in accordance with the terms of the Settlement Agreement.~~

19.     The Class Administrator will pay as *cy pres* the residue of any un-cashed checks distributed, pursuant to the Settlement Agreement and Release to Legal Aid Foundation of Los Angeles, a non-profit organization consistent with California Code of Civil Procedure §384.

20.     Any and all objections to the Settlement and the Settlement Agreement are overruled for the reasons stated at the hearing.

21.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void and be vacated and the Settlement Agreement and all orders entered in connection therewith shall be rendered null and void.

22.     The Parties are directed to carry out their obligations under the Settlement Agreement.

23.     The defendant shall submit a compliance declaration to plaintiff's counsel by <u>May 10, 2017.</u>

24.     Class Counsel shall serve a copy of this Order on all named parties or their

counsel within five (5) days of receipt.

**SO ORDERED**

Dated: November 10, 2016

_____

Hon. Vince Chhabria

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT 1</u>**

LIST OF CLASS MEMBERS WHO TIMELY REQUESTED EXCLUSION

None