UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY JEKOWSKY,<br><br>        Plaintiff,<br><br>    v.<br><br>BMW OF NORTH AMERICA, LLC, et al.,<br><br>        Defendants. | Case No. 13-cv-02158-VC<br><br>**ORDER GRANTING IN PART THE MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 96 |

      The Court awards the plaintiffs attorneys' fees in the amount of $49,668.13, to be paid by the defendants in accordance with the terms of the Supplemental Settlement Agreement (SSA Part IX.C). Fed. R. Civ. P. 23(h).

      This award reflects a significant reduction from the plaintiff's original request of $90,000. Part of the reduction was voluntary. In their reply brief, the plaintiffs agreed to remove from their request approximately $10,000 sought for work that, BMW pointed out, was actually related to administration of the original settlement. The plaintiffs also volunteered to remove other costs and fees that they acknowledged were requested in error. The Court subsequently ordered the plaintiffs to provide a supplemental fee request reflecting these revisions and to omit from the revised request any fees associated with work done in connection with the original settlement agreement (Dkt. No. 109). The Order also instructed counsel to carefully review its request for fees to determine whether Mr. Chavez's declaration reflected an error in the billing of time for the February 16, 2016 case management conference. The plaintiffs submitted a revised fee request in the amount of $86,099.70. This request reflects fees and costs of $10,000 in "anticipated additional work," as well as $28,375 in fees for researching, drafting, and filing the

plaintiffs' motion for attorneys' fees and reply. In their revised request, the plaintiffs removed an additional $2,930 that Mr. Chavez had billed in error.

In their revised fee request, the plaintiffs properly excluded fees for work related to the original settlement. Plaintiffs' counsel was already compensated for fees and costs incurred in connection with the original settlement and therefore will not be compensated for those fees again in this award. The plaintiffs' request for $5,000-$10,000 in "anticipated additional work" is also denied; this work, too, was contemplated by the original fee award. The Court finds that the following additional reductions from the plaintiffs' revised request are warranted:

- A 50% reduction of the $28,375 requested by the plaintiffs for the preparation, revision, and filing of their attorneys' fee motion and reply. Plaintiffs' counsel spent over 40 hours preparing its attorneys' fees motion. This amount of time is excessive, especially in light of the various errors contained in the original request that BMW correctly identified in its opposition brief. Moreover, this fee request was relatively simple in comparison to others, because the Court already reviewed and approved the appropriateness of counsel's lodestar fee in connection with the previous attorneys' fee award. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 950 (9th Cir. 2007) (concluding that a reduction in fees for preparation of motion for attorneys' fees was appropriate where the court reasonably concluded that the preparation of the motion "'demanded little of counsel's time'").

- A 25% reduction in the remaining $47,307.50 in fees sought for work performed on the supplemental settlement agreement (not including the time spent preparing the plaintiffs' fee motion). The work performed on this supplemental settlement agreement was largely administrative in nature, given that this agreement mirrored the original settlement agreement. A reduction in fees is appropriate to reflect the relatively minimal skill and effort required to generate and review the supplemental settlement agreement. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013).[1]

---

[1] The defendants argue that cross-checking the plaintiffs' lodestar request against a percentage-of-recovery award shows that the plaintiffs' request is unreasonable. But "[i]t is not per se

- $417.20 in costs. The invoices submitted in connection with this request are inadequate because they do not show the purpose for any of the costs listed. The generic descriptions on the plaintiffs' cost invoice, describing costs as "copy expenses" or "travel," are insufficient to demonstrate that they are reasonable.

**IT IS SO ORDERED.**

Dated: November 16, 2016

_____
VINCE CHHABRIA
United States District Judge

---

unreasonable for attorneys to receive a fee award that exceeds the amount recovered by their clients." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 (9th Cir. 2013); *see also Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1171-73 (C.D. Cal. 2010). This is especially true here, where the *defendants*' error in notifying class members of the settlement necessitated this supplemental settlement agreement and forced the plaintiffs to forfeit efficiencies that they might otherwise have enjoyed under the original class settlement administration process.